# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVON E. McCOY,<br><br>   Plaintiff,<br><br>   v.<br><br>R. SPIDLE, et al.,<br><br>   Defendants.<br>_____ / | CASE NO. 1:07-cv-00198-AWI-GSA PC<br><br>ORDER DENYING MOTION FOR ENTRY OF DEFAULT, AND ADDRESSING OBJECTION<br><br>(Docs. 61 and 62) |

Plaintiff Davon E. McCoy ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 5, 2007, the Court issued an order directing the United States Marshal to initiate service of process on twenty-two defendants. Nineteen defendants waived service, and, after obtaining an extension of time, filed a motion to dismiss on December 21, 2007.[1] On February 21, 2008, defendants withdrew their motion to dismiss and sought an extension of time to file an answer. The Court granted defendants an extension of time and defendants filed an answer on March 5, 2008. On March 6, 2008, plaintiff filed a motion seeking entry of default and on March 7, 2008, plaintiff filed an opposition to defendants' motion for an extension of time to file an answer.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief

---

[1] Samaya, Garcia, and McNamara have not been served. Spidle, Peery (Perry in complaint), Doyle, Dreith, Dangler, Watson, Stockman, Buckley, Garza, Allen, Tomlin, Kee, Rubacalaba, Poblete, Reyes, Reynoso (Renoso in complaint), Gonzales, Campos (Compos in complaint), and Morales waived service and have made an appearance in this action.

1

1  is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil
2  Procedure and where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a).
3  Default is generally disfavored.  In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).

4       Plaintiff's position that defendants may not respond to his complaint via an unenumerated
5  Rule 12(b) motion is without merit.  The motion is referred to as unenumerated because is it not
6  specifically enumerated in the Rule.  Nevertheless, it is a recognized motion, Wyatt v. Terhune, 315
7  F.3d 1108, 1119 (9th Cir. 2003), and leave of court is not required to file the motion.  The filing of
8  the answer on March 7, 2008, renders moot plaintiff's subsequently filed motion for entry of default
9  in any event.

10      Plaintiff's opposition to defendants' motion for an extension of time to file an answer is
11 noted.  However, the Court declines to vacate its order granting the motion based on defendants'
12 failure to file a separate notice of motion, as the procedural deficiency caused no prejudice to
13 plaintiff.  Additionally, plaintiff's argument that defendants' motion to dismiss was premature and
14 improper because the Court had not yet issued a scheduling is incorrect.

15      Based on the foregoing, plaintiff's motion for entry of default is HEREBY DENIED, and
16 plaintiff's opposition to defendants' motion for an extension of time is DEEMED ADDRESSED.

18      IT IS SO ORDERED.

19      **Dated:   March 20, 2008**            /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE