1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9  DAVON E. McCOY,                                CASE NO. 1:07-cv-00198-AWI-GSA PC

10              Plaintiff,                        FINDING AND RECOMMENDATION
                                                  RECOMMENDING PLAINTIFF'S MOTIONS
11      v.                                        FOR PRELIMINARY INJUNCTIVE RELIEF
                                                  AND RELIEF FROM PAYMENT OF
12  R. SPIDLE, et al.,                            SECURITY BE DENIED

13              Defendants.                       (Docs. 68 and 69)

14  _____/         OBJECTION DUE WITHIN THIRTY DAYS

15

16      Plaintiff Davon E. McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 22, 2008, Plaintiff filed

18  a motion seeking an order prohibiting prison officials from retaliating against him and harassing him,

19  and mandating that he be transferred from California State Prison-Corcoran to the California

20  Substance Abuse Treatment Facility.  Plaintiff also filed a motion seeking relief from the payment

21  of security.  Defendants did not file a response to the motions.

22      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

23  so heavily favors the moving party that justice requires the court to intervene to secure the positions

24  until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S.

25  390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1)

26  a combination of probable success and the possibility of irreparable harm, or (2) that serious

27  questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air

28  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

1

1   demonstrate a significant threat of irreparable injury." <u>Id</u>.  Also, an injunction should not issue if the

2   plaintiff "shows no chance of success on the merits." <u>Id</u>.  At a bare minimum, the plaintiff "must

3   demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

4   <u>Id</u>.

5          Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must

6   have before it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103

7   S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and</u>

8   <u>State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d

9   1118, 1126 (9th Cir. 2006).  If the Court does not have an actual case or controversy before it, it has

10  no power to hear the matter in question.  <u>Id</u>.  In addition, any award of equitable relief is governed

11  by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil

12  action with respect to prison conditions shall extend no further than necessary to correct the violation

13  of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any

14  prospective relief unless the court finds that such relief is narrowly drawn, extends no further than

15  necessary to correct the violation of the Federal right, and is the least intrusive means necessary to

16  correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

17         This action is proceeding on Plaintiff's complaint, filed February 6, 2007, for the 2005

18  assessment of a forty-eight month Security Housing Unit term without due process and in retaliation

19  for filing a grievance, and for the denial of medical care between June 5, 2006, and June 9, 2006.

20  The pendency of this action, which arises out of past events, does not provide a jurisdictional basis

21  for issuing any orders remedying Plaintiff's current conditions of confinement and his motion must

22  be denied.  Plaintiff's motion for relief from the payment of security is moot in light of this finding.

23         Because the Court lacks jurisdiction to issue the orders sought, the Court HEREBY

24  RECOMMENDS that Plaintiff's motions for preliminary injunctive relief and for relief from having

25  to provide security, filed May 22, 2008, be DENIED.

26         These Findings and Recommendations will be submitted to the United States District Judge

27  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

28  **days** after being served with these Findings and Recommendations, the parties may file written

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**    **June 18, 2008**        /s/ **Gary S. Austin**

                                         UNITED STATES MAGISTRATE JUDGE