1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7               FOR THE EASTERN DISTRICT OF CALIFORNIA

8                           FRESNO DIVISION

9   Davon E. McCoy,                      )   Case No. 1:07-cv-198-DCB
                                         )
10            Plaintiff,                  )   **ORDER**
                                         )
11  vs.                                   )
                                         )
12                                        )
    R. Spidle, et al.,                   )
13                                        )
              Defendants.                )
14                                        )
                                         )
15  _____)

16         Defendants have filed a Motion for Summary Judgment (Doc. #00) pursuant to Rule

17  56 of the Federal Rules of Civil Procedure.  The Ninth Circuit Court of Appeals requires the

18  Court to provide *pro se* prisoners with notice of the requirements for a motion for summary

19  judgment.  *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*).

20                   **NOTICE--WARNING TO PLAINTIFF**

21        **THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]**

22         The Defendants' Motion for Summary Judgment seeks to have your case dismissed.

23  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will,

24  if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion

25  for summary judgment.  Generally, summary judgment must be granted when there is no

26  genuine issue of material fact – that is,  if there is no real dispute about any fact that would

27  _____

28        [1]     .

1  affect the result of your case, the party who asked for summary judgment is entitled to

2  judgment as a matter of law, which will end your case.  When a party you are suing makes

3  a motion for summary judgment that is properly supported by declarations (or other sworn

4  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

5  specific facts in declarations, depositions, answers to interrogatories, or authenticated

6  documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants'

7  declarations and documents and show that there is a genuine issue of material fact for trial.

8  If you do not submit your own evidence in opposition, summary judgment, if appropriate,

9  may be entered against you.  <u>If summary judgment is granted, your case will be dismissed</u>

10 <u>and there will be no trial.</u>

11        Additionally, you must comply with the provisions of Rule 78-230 of the Local Rules

12 of Civil Procedure for the United States District Court for the Eastern District of California,

13 which provide for the parties to file a motion, response, and reply.  No additional briefing on

14 a motion is allowed unless leave of the Court is granted.  <u>Failure to file a response may be</u>

15 <u>deemed a consent to the Court's granting the motion.</u>  <u>If that occurs, the Motion for Summary</u>

16 <u>Judgment may be granted and there will be no trial.</u>  Rule 12(b)(1) motions to dismiss require

17 a response to be filed within 45 days from the service date on the motion and the time for a

18 reply is 20 days.  Unless otherwise permitted by the Court, a motion or response, inclusive

19 /////

20 /////

21 /////

22 /////

23 /////

24 /////

25 /////

26 /////

27 of supporting memorandum but exclusive of attachments and statement of facts, shall not

28 exceed 17 pages; a reply shall not exceed 11 pages.

1    **Accordingly,**

2    **IT IS ORDERED** that Plaintiff must file a response to Defendants' Motion for

3    Summary Judgment, together with admissible evidence,[2] no later than April 10, 2009.

4    DATED this 26th day of February, 2009.

5

6

7

8

9

10   _____

11   David C. Bury
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28   [2] To be admissible, declarations and other sworn testimony must be based on
     personal knowledge.