IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DAVON E. MCCOY,** | Case No. 1:07-cv-00198-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| **R. SPIDLE, et al.,** | |
| Defendants. | |

On March 21, 2008, the Court issued a scheduling Order setting the case management deadlines in this case with a discovery cut-of date of December 3, 2008. The Motion for Clarification filed on February 27, 2009, notes that during the Plaintiff's deposition on November 24, 2008, the parties discussed completing discovery as it related to document disclosures. Indeed, the Plaintiff's Motion to Compel filed on December 17, 2008, was related to production of documents.

On December 1, 2008, Plaintiff also sought an extension of time to file interrogatories. The Court's scheduling Order, allowed 45 days for parties to respond to written discovery requests (interrogatories). To ensure responding parties have 45 days, the Court directed the parties to serve the written discovery requests 45 days before the discovery deadline. Plaintiff's request to extend time to serve interrogatories was made two days before the discovery deadline. It was untimely. Any such tendering of interrogatories would have been late, and the Court denied the

1

Plaintiff's request. As this Court noted, however, there might be good cause to allow a late interrogatory, if it was limited in scope to Plaintiff's Response to the Defendants' Motion for Summary Judgement. Plaintiff's Motion for Clarification does not make such a showing.

In the event Plaintiff presents to this Court any interrogatory related specifically to the Defendants' Motion for Summary Judgment, and explains why a response to the interrogatory is necessary before he can file a Response to the Motion for Summary Judgment, the Court may be persuaded that there is good cause for such a late interrogatory. Any such propounded interrogatory shall be limited in number as well as scope. The Plaintiff is reminded that ordinarily when interrogatories are timely propounded they are limited to 25, including all discrete subparts. Fed. R. Civ. P. 33(1). The Court will not allow 25 interrogatories at this time, but may consider some very limited number if good cause is shown.

**Accordingly,**

**IT IS ORDERED** that the Plaintiff's Motion for Clarification (document 106) is DENIED.

**IT IS FURTHER ORDERED** that Defendant shall stop serving documents on Plaintiff at the California State Prison, Corcoran. Plaintiff's service address is where he resides, which is the California State Adult Treatment Facility (CSATF).

**IT IS FURTHER ORDERED** that due to the service error involving the Motion for Summary Judgment, which has allegedly delayed its delivery to the Plaintiff, the deadline for filing a Response to the Motion for Summary Judgment is extended to be 30 days from the filing date of this Order.

DATED this 13th day of March, 2009.

David C. Bury
United States District Judge