**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Davon E. McCoy, | Case No. 1:07-CV-198-DCB |
| Plaintiff, | **ORDER** |
| vs. | |
| R. Spidle, et al., | |
| Defendants. | |

The Court grants Defendants' 2nd Request for an Extension to respond to Plaintiff's charge of continued retaliation; it denies in part the Plaintiff's Motion for an Injunction/TRO, and denies all other pending motions.

On October 1, 2009, the Court denied the Defendants' Motion for Summary Judgment in part as follows: 1) Plaintiff's claim of retaliation against Defendant Dangler and 2) Plaintiff's claim that Defendants Tomlin, Kee, Garcia, Rubacalaba, Poblete, Reyes, Reynoso, Campos, Gonzales, and Morales were deliberately indifferent to his medical needs.  The Court referred the case for a settlement conference, which is scheduled for December 8, 2009.

The Court allowed the Plaintiff to file a brief asking for reconsideration of its earlier ruling that granted summary judgment for Defendants on Plaintiff's claim brought pursuant to 42 U.S.C. § 1983, challenging his rules violation hearing and conviction under the Due Process Clause to the United States Constitution.  In May, the Court had

1 ruled as a matter of law that the favorable termination rule barred this claim, pursuant to
2 *Edwards v. Balisok*, 502 U.S. 641 (1997). In October, the Court called for supplemental
3 briefing on *Balisok* in response to the Plaintiff's assertion that he was serving a life
4 sentence, which might arguably have placed his sentence outside of *Balisok* if it would
5 not be reduced by good time credits.

6 On October 21, 2009, the Defendants filed a Supplemental Brief in support of the
7 summary judgment granted by the Court based on *Balisok*. The Plaintiff filed a Reply on
8 November 5, 2009.

9 It is now clear that the Plaintiff is serving a sentence of 25 years to life, with
10 eligibility for parole after 25 years. His case falls squarely within the confines of *Balisok*,
11 which prohibits use of 42 U.S.C. § 1983 to challenge a rule violation, where a favorable
12 termination of the case would necessarily reduce the length of the sentence being served
13 by the prisoner. Such a challenge must proceed under habeas corpus. *Balisok* controls
14 this case because the Plaintiff alleges the rules violation was the result of intentional
15 retaliation by Defendant Dangler. If true, even though Plaintiff does not seek return of
16 his good time credits, such would be the result of a favorable determination in this case
17 because a rules violation based on a decision by a biased hearing officer who dishonestly
18 suppresses evidence of innocence cannot stand and good time credit lost on such a basis
19 would necessarily be returned. (Order filed 5/6/2009 at 11-14.)

20 The Court reaffirms its grant of summary judgment for Defendants on the section
21 1983 claim in respect to the Plaintiff's due process challenge to the rules violation hearing
22 and decision.

23 This case proceeds for purposes of the Settlement Conference scheduled on
24 December 8, 2009, on the claim of retaliation against Defendant Dangler and Plaintiff's
25 claim that other Defendants were deliberately indifferent to his medical needs.

26 As to the claim of retaliation against Defendant Dangler, Plaintiff filed a Motion
27 on October 23, 2009, alleging that Defendants continue to retaliate against him, including
28 depriving him of his legal papers. On October 29, 2009, the Court issued an Order

1  directing the Defendants to file a Response to the Plaintiff's claim that Defendants are
2  retaliating against him because of his partial success in defeating Defendants' Motion for
3  Summary Judgment.  Unfortunately, the Defendants have not responded to these charges,
4  and have instead sought extensions of time to file the Response.  On November 10, the
5  Court granted an extension for the Response until November 24, 2009.  On November 23,
6  2009, the Defendants filed a second request for an extension to December 4, 2009.  The
7  Defendants' attorney has been busy with other matters and unable to investigate and
8  prepare the Response.  (Motion for Extension, filed 11/23/2009 at ¶¶ 1-8.)

9  On November 10, 2009, Plaintiff's "confidential" settlement brief, which he
10 addressed to Sujean Younger, ADR and Pro Bono Program Director, 501 I Street Suite 4-
11 200, Sacramento, California, was some how redirected and filed in the case and made
12 available to the Defendants.  (Motion Requesting Leave to Address the Court Regarding
13 Its Recent Order dated November 16, 2009.)  On November 16, this Court struck the
14 Plaintiff's Settlement Statement from the record and had it delivered to Sujean Younger.

15 On November 18, 2009, the Plaintiff filed the following motions: 1) Request for
16 Appointment of Counsel; 2) Motion Requesting Injunction & Temporary Restraining
17 Order, and 3) Motion to Dispense with Security [Bond] Requirements.  He alleges that he
18 is facing further retaliation, including: 1) having his legal mail tampered with; 2) having
19 his personal property destroyed; 3) being sanctioned by being placed on "management
20 status in Ad-Seg on a trumped up rule violation charge that he attempted to incite a
21 hunger strike, and 4) he has been denied pain and seizure medication.  Specifically,
22 Plaintiff alleges that when he was moved to Ad-Seg his personal materials, including his
23 legal papers were "lost,"his T.V had sand poured in it, and other personal property was
24 damaged.  He alleges that after being moved to Ad-Seg on the trumped up hunger strike
25 charge, an additional false charge was brought against him by mental health staff that he
26 threatened to sexually assault an "psych-tech" employee.  Plaintiff charges that all these
27 actions were in retaliation for his bringing this case and other grievances filed against
28 staff.  All these new claims involve new defendants and new facts.

The Court finds that the new claims, which involve new rule violations and proceedings and new grievances, which are based on new incidents involving separate facts and defendants, which are totally unrelated to the incidents at issue in this case. These new claims are subject to exhaustion requirements under the Prison Litigation Reform Act (PLRA). A prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Under *Woodford*, there must be proper exhaustion, which means following the steps set out in the grievance procedure. *Id.* A claim of retaliation is not a bootstrap to bring in any incident occurring after the filing of a Complaint.

Importantly, there is no nexus between these new claims and this case. These new allegations involve independent factual questions, such as whether Plaintiff incited a hunger strike or threatened to sexually assault a staff member. Plaintiff's new claims have a causal nexus to new and unrelated incidents, which rebuts the suggestion of retaliation that can be drawn from the timing of the incidents. Plaintiff's allegations that the rule violations for inciting a hunger strike and threatening staff are trumped up charges brought to retaliate against him for pursuing this and other cases and grievances are subject to administrative exhaustion. Plaintiff's charge that Defendants continue to deny him medical care is also distinct from the medical indifference charges being considered by this Court, which are related to a very specific incident and time frame, when he had a seizure on July 5, 2006, needed help and was denied it by very specific Defendants.

On the other hand, Plaintiff charges that his legal mail is being opened and there is evidence it has been misrouted so that his "confidential" settlement brief was disclosed to the Defendants. His legal papers were allegedly "lost" when he was moved, and his personal property was allegedly destroyed. Like the new rule violations and grievances, the timing of this activity is suspect. Unlike the new rule violations and grievances, there are no apparent causes for these actions, independent of this case. This was the alleged retaliatory conduct the Court asked the Defendants to investigate and to file a Response before the scheduled settlement conference. The Court shall afford one last extension, but the Response must be filed prior to the Settlement Conference.

**Accordingly,**

**IT IS ORDERED** reaffirming this Court's Summary Judgment for Defendants entered on May 6, 2009, pursuant to *Edwards v. Balisok.*

**IT IS FURTHER ORDERED** that the Second Request For Extension of Time to Respond to Plaintiff's October 23, 2009 Motion (document 157) is GRANTED until December 4, 2009. NO FURTHER EXTENSIONS SHALL BE GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Injunction and/or Temporary Restraining Order (document 155) is DENIED IN PART as to Plaintiff's allegations related to "new" rule violations and grievances. Defendants shall file a Response to the remaining charges of retaliation by December 4, 2009.

/ / / /

/ / /

/ /

/

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Appointment of Counsel (document 154) is DENIED; the Motion to Dispense with the Requirements of Security (document 156) is DENIED, and the Motion Requesting Leave to Address the Court (document 158) is DENIED.

- 5 -

1   DATED this 3rd day of December, 2009.

David C. Bury
United States District Judge