1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

**DAVON E. MCCOY,**

12

Plaintiff,

13

**v.**

14

**R. SPIDLE, et al.,**

15

Defendants.

Case No. 1:07-cv-00198-DCB

**ORDER**

16

17     On January 5, 2010, Defendants filed a request for a 31-day extension of time to file an

18   opposition to Plaintiff's Motion for Reconsideration.  The Court will not grant Plaintiff's Motion

19   for Reconsideration, therefore, there is no reason for a Response, and Defendant's Motion for an

20   extension of time to file an opposition to Plaintiff's motion is denied as moot.

21     Motions for reconsideration are generally treated as motions to alter or amend the

22   judgment under Federal Rules of Civil Procedure ("Rule") 59(e).  *See In re Agric. Research &*

23   *Tech. Group, Inc.*, 916 F.2d 528, 542 (9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d

24   500, 505 (9th Cir. 1986).

25

26     Generally, there are four basic grounds for a Rule 59(e) motion: 1) the movant may

27   demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the

28

1

judgment is based; 2) the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence; 3) the motion will be granted if necessary to prevent manifest injustice, such as serious misconduct by counsel, and 4) a motion may be justified by an intervening change in controlling law.  11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2810.1 (citations omitted).

Alternatively, a court can construe a motion to reconsider as a Rule 60 motion for relief from a judgment or order.  Under Rule 60, a party can obtain relief from a court order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason justifying  relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).

Consequently, motions to reconsider are appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (1986).  A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through--rightly or wrongly."  *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *cf., Agric. Research & Tech. Group,* 916 F.2d at 542.  Arguments that a court was in error on the issues it considered should be directed to the court of appeals.  *See Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F. Supp. 6, 7 (N.D. Ill. 1983).

Plaintiff argues that the Court should reconsider its decision to grant summary judgment for Defendants, pursuant to *Edwards v. Balisok*, 502 U.S. 641 (1997).  As this Court has previously explained, *Balisok* prohibits challenging a rule violation pursuant to 42 U.S.C. Sec. 1983, where a favorable termination of the case would necessarily reduce the length of the

2

sentence being served by the prisoner. *See* Order issued 5/6/2009 (doc. 123) (granting summary judgment under *Balisok*); Order issued 10/1/2009 (doc 142) (allowing Plaintiff to file Sur-Reply for reconsideration of question); Order issued 12/7/2009 (doc. 162) (reaffirming summary judgment under *Balisok*). As *Balisok* can not be considered a change in law, the motion to reconsider is appropriate only to correct a manifest error of law. This Court has considered *Balisok* three times. Plaintiff's argument that the Court has erred on this question should be directed to the court of appeals.

On December 7, 2009, the Court denied in part the Plaintiff's Motion for Injunction and/or Temporary Restraining Order as to Plaintiff's claims of continued retaliation because his allegations in large part involved new rule violations, new grievances, and new defendants, which may give rise to new claims but are not related to this case. The Court denied the Motion for Injunction/Temporary Restraining Order for failure to administratively exhaust these new claims. The Court held in abeyance its ruling in respect to charges by the Plaintiff that his access to the Court was being impeded by Defendants, such as mis-routing his settlement brief to the Court instead of to the settlement judge and the loss of his legal materials. The Court ordered the Defendants to respond to these allegation. On December 23, 2009, the Defendants responded that Sujean Younger, the settlement coordinator had received the copy of the settlement brief mailed by the Plaintiff to her. How the settlement brief also came to be filed in the Court's record remains a mystery, but the copy mailed by the Plaintiff to Ms. Younger was not mis-routed. She received it. (Response (doc. 163)).

Defendants also filed affidavits attesting that the Plaintiff's legal materials were not "lost". He has three boxes of legal property stored in the Receiving and Release Department since October 6, 2009. He has access to this property upon request and reviewed its contents on November 13, 2009. Currently he has one box stored in his cell, one stored in Facility E,

Building 1 storage space, and one stored in Receiving and Release Department.  *Id.* at 2-3.  As well, Plaintiff has had access to the law library during his confinement in Administrative Segregation.  *Id.* at 3-4, 6.

The Court finds no basis for issuing a temporary restraining order or preliminary injunction.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008); *American Trucking Associations, Inc. v. City or Los Angeles*, 2009 WL 723993 (9th Cir. 2009).   Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.  *American Trucking,* at * 4 (citing *Winter*, 129 S.Ct. at 375-76).  Plaintiff has not argued nor shown his access to this Court has been denied by the alleged mis-routing of his settlement brief or the storage of his legal materials.

As to Plaintiff's other charges of retaliation, as the Court previously noted they involve claims beyond the scope of the issues raised in this case and must be administratively exhausted before they can be addressed by this or any other Court.  (Order issued 12/7/2009 (doc. 162)).  This is especially true, here, where the case is ready for trial.

The Court will appoint counsel for the purpose of assisting the Plaintiff in trying this case.  There is no constitutional right to the appointment of counsel in a civil case.  *See, Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Randall v. Wyrick*, 642 F.2d 304, 307 n. 6 (8th Cir. 1981).  The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  A determination with

4

respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of a plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331 (9th Cir. 1986).  Having considered both elements, the procedural and substantive legal issues involved at the trial stage of a case make it beneficial to appoint counsel.  Plaintiff has survived summary judgment which increases the likelihood of success on the merits.  While the Plaintiff has a good track record for adequately representing himself, the Court will appointment counsel for him.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (document 165) is DENIED.

**IT IS FURTHER ORDERED** that the Request for Extension of Time to File Opposition to Plaintiff's Motion for Reconsideration (document 166) is DENIED AS MOOT.

**IT IS FURTHER** ORDERED that the "Motion Requesting Leave of Court, to File the attached Motion, Objecting to the defendants' response to the courts order, regarding plaintiffs claim of retaliation: . . ." (document 164) shall be treated as a Reply to Defendants' Response to Plaintiff's Motion for Injunction/Temporary Restraining Order and docketed accordingly.

**IT IS FURTHER ORDERED** that the Motion for Injunction/Temporary Restraining Order (document 155) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff shall be appointed counsel.  A copy of this Order will be sent to Suejean Younger for her assistance in securing *pro* bono counsel to represent the Plaintiff.  Upon appointment of counsel, the Court will set a status hearing and

/////

/////

5

1  adopt a schedule for preparing and filing the Pretrial Order.  Upon the filing of the Pretrial Order,

2  a Pretrial Conference will be set and held, and a trial date will be set, thereafter.

3

4          Dated this 11th day of January, 2010.

David C. Bury
United States District Judge

6