IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Davon E. McCoy, ) | No. CV-07-198-SMM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| R. Spidle, et al., ) | |
| Defendants. ) | |

   During a telephonic status conference held with the parties on March 8, 2011, the Court scheduled a jury trial on Plaintiff's Count II retaliation claim for May 9, 2011 through May 13, 2011 in the Sacramento Division of the Eastern District of California. (Doc. 205.) During the status conference, the Court also inquired about the measure of damages Plaintiff seeks on the retaliation claim. (Doc. 205.) In the discussion that ensued, the parties disputed whether Plaintiff's due process claim–alleged in Count II alongside his retaliation claim–remained an issue in this case. (Tr. 7-8.) This case was transferred to the Court for trial after Defendants' Motion for Summary Judgment (Doc. 99) was decided (Docs. 123, 142). After reviewing the prior rulings on Defendants' Motion for Summary Judgment, the Court now issues this Order clarifying both: (1) whether any aspect of Plaintiff's due process claims remain and (2) the nature of Plaintiff's retaliation claim. The Court also orders both parties to submit briefing regarding the appropriate measure of damages related to Plaintiff's retaliation claim.

**BACKGROUND**

On February 6, 2007, Plaintiff filed a Complaint alleging that Defendant Dangler ("Dangler"), an Inmate Appeals Coordinator, retaliated against Plaintiff for exercising his constitutional right to administratively appeal a disciplinary proceeding. (Doc. 1.) Plaintiff also claimed that Dangler violated his due process rights during the alleged retaliatory act by not issuing a new Rules Violation Report ("RVR") or providing Plaintiff with a disciplinary hearing. (Doc. 1 ¶ 40.)

While a prisoner at High Desert State Prison, Plaintiff received an RVR resulting in a disciplinary proceeding on June 15, 2005, in which Plaintiff was found to have conspired to murder peace officers. (Doc. 123 at 3.) At the conclusion of that disciplinary proceeding, Plaintiff was assessed 48 months at the Secured Housing Unit ("SHU") at California State Prison, Corcoran. (Doc. 123 at 3.) On July 17, 2005, Plaintiff filed an initial grievance appealing that disposition. (Doc. 1 ¶ 36; Doc. 123 at 3.)

On September 6, 2005, Plaintiff filed a grievance against Dangler for improperly screening and delaying processing of that initial grievance. (Doc. 1 ¶ 37; Doc. 123 at 3.) Plaintiff alleges that this grievance against Dangler led to an Internal Affairs Directive. (Doc. 1 ¶ 37; Doc. 123 at 3.) On January 25, 2006, the initial grievance related to the RVR was granted, after a review found that although Plaintiff may have known of the conspiracy to attack police officers, the evidence failed to support that he was an "active conspirator." (Doc. 142 at 6.) Dangler signed the decision granting Plaintiff's initial grievance. (Doc. 123 at 15, Doc. 142 at 7.) After Plaintiff's initial grievance was granted, the disciplinary proceeding was dismissed, the 48 months in SHU was suspended, and Plaintiff was returned to general population. (Doc. 1 ¶¶ 38-39; Doc. 123 at 3.)

Plaintiff alleges that in retaliation for Plaintiff's grievance filed against Dangler for mishandling Plaintiff's initial grievance, Dangler "reassessed" Plaintiff's assignment by sending a memorandum on April 27, 2006, resulting in Plaintiff's return to SHU. (Doc. 1 ¶ 40; Doc. 123 at 3.) Plaintiff also alleges that Dangler altered the form that Dangler had earlier signed, replacing the word "granted" with "denied." (Doc. 142 at 7.)

- 2 -

**DISCUSSION**

**I.      Plaintiff's Due Process Claims**

After reviewing the earlier summary judgment rulings (Docs. 123, 142), the Court finds that Plaintiff's due process claims in Count II–along with all other due process claims in this case–were disposed of as a matter of law in the Court's May 6, 2009 ruling. (Doc. 123 at 14.) As the Court stated, "Plaintiff's claim against Defendant Dangler for denying his grievance also fails, except for the claim of retaliation." (Doc. 123 at 14.) The Court's subsequent summary judgment order further made clear that as to Plaintiff's Count II, only the retaliation claim remained to be litigated at trial. (Doc. 142 at 3, 8.)

**II.     Plaintiff's Retaliation Claim**

In the prison context, a claim of First Amendment Retaliation under 42 U.S.C. § 1983 requires: "(1) An assertion that a state actor took some adverse action against an inmate; (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). The prisoner has the burden of proving that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals.'" Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

The Court denied Defendants' Motion for Summary Judgment on Plaintiff's Count II retaliation claim, finding that evidence, when construed in Plaintiff's favor, supported Plaintiff's theory that Dangler reassessed the appeal decision in retaliation for Plaintiff's grievance against Dangler. (Doc. 142 at 8.) The Court found that the manner in which Dangler changed the appeal decision, by possibly "attempting to obliterate or cover-up the first decision without making a record, instead of withdrawing it, explaining the error and reason for changing the decision, and reissuing it," supported Plaintiff's retaliation claim. (Doc. 142 at 8.) Further, the Court found that Dangler's assertion that the reassessment was based upon evidence of Plaintiff's wrongdoing and thus supported by penological reasons

is disputed by the findings that Plaintiff did not actively participate in the conspiracy. (Doc. 142 at 9.)

### III. Measure of Damages for Plaintiff's Retaliation Claim

On February 23, 2011, the Court granted Defendants' request to bifurcate the liability and punitive damages stages of this case, because Plaintiff did not oppose Defendants' request and because bifurcation may expedite the matter by creating the possibility of settlement. (Doc. 203 at 8.) The Court has yet to decide the scope of damages pertaining to the retaliation claim that Plaintiff may present to the jury. Plaintiff's counsel stated during the March 8, 2011 status conference that Plaintiff alleges Dangler's retaliation caused "pain and suffering" resulting from his reassignment to SHU, including a shoulder injury. (Tr. 4-5.) Defendants' counsel asserted at the status conference that the events following Plaintiff's reassignment to SHU are irrelevant to his retaliation claim. (Tr. 5, 10.) The Court will order limited briefing on this dispute.

### CONCLUSION

**IT IS HEREBY ORDERED** that Defendants are to file a Motion in Limine by **Friday, March 25, 2011**, not to exceed ten pages, setting forth both all proposed limitations on damages evidence pertaining to Plaintiff's retaliation claim and any relevant case law.

**IT IS FURTHER ORDERED** that Plaintiff is to file a Response, not to exceed ten pages, to Defendants' Motion in Limine, by **Friday, April 8, 2011**.

DATED this 9th day of March, 2011.

_____
Stephen M. McNamee
United States District Judge