IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Davon E. McCoy,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>R. Spidle, et al.,<br><br>　　　　　Defendants. | No. CV-07-198-SMM<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Extend Expert Witness Discovery Cut-Off (Doc. 204). Defendants have filed their Opposition (Doc. 225) and Plaintiff did not file a reply.[1] After considering the arguments advanced by the parties, the Court makes the following rulings.[2]

**BACKGROUND**

On February 6, 2007, Plaintiff, who is currently confined at Salinas Valley State Prison, brought this 42 U.S.C. § 1983 action against Defendants employed by the California Department of Corrections and Rehabilitation (the "CDCR"). (Doc. 1.) As Defendants prevailed in part on a Motion for Summary Judgment (Doc. 123 at 16), three claims remain: Plaintiff's retaliation claim (Claim II) against Defendant M. Dangler ("Dangler") and

---

[1] Plaintiff filed this Motion (Doc. 204) on March 8, 2011. However, the Court extended the briefing schedule to May 27, 2011 while the parties litigated other pretrial motions.

[2] Neither Plaintiff nor Defendants requested oral argument. The Court therefore finds the action suitable for decision without oral argument. See L.R.Civ. 230(g).

Plaintiff's deliberate indifference claims (Claims IV and V) against numerous Defendants. (Doc. 1 at 11-12, 14-19.) A jury trial is set for January 31, 2012. (Doc. 226.)

On December 21, 2010, the Court issued its Pretrial Order, ordering that expert discovery be completed by February 28, 2011. (Doc. 198 at 1.) Prior to the issuing of the Pretrial Order (Doc. 198) both parties stated that they were willing to stipulate to a March 31, 2011 expert discovery deadline. (Doc. 196 at 1.) On January 14, 2011, Defendants served their expert disclosures, with Plaintiff purportedly receiving Defendants' disclosures on January 19, 2011. (Doc. 204-1 at 2, Doc. 225 at 3.) Among the disclosed experts were Defendant C. Reyes and David G. Smith, M.D. ("Dr. Smith"). (Doc. 204, Ex. A.) The parties began discussing deposition schedules on February 2, 2011, with Plaintiff first proposing dates for Plaintiff's depositions on February 10, 2011. (Doc. 204-1 at 2, Doc. 225 at 3.) On February 10, 2011, the parties tentatively agreed to the deposition of Defendant Reyes on February 21, 22, 25, or 28 and of Dr. Smith on February 24. (Doc. 204-1 at 3, 225 at 3.) On February 11, 2011, Defendants agreed to locate and contact the designated expert witnesses. (Doc. 204-1 at 3, Doc. 225 at 3.)

On February 16, 2011, Defendants informed Plaintiff that they were still attempting to determine their witness' availability, and told Plaintiff that Defendants were unwilling to waive the 14-day notice provision for depositions. (Doc. 204-1 at 3, Doc. 225 at 3); Rule 32(a)(5)(A) (excluding a deposition taken on less than 14 days' notice if the opposing party has a pending motion for protective order requesting that it not be taken). Plaintiff asked Defendants on February 16, 2011 to reconsider this position, stating that had Defendants notified Plaintiff of their refusal to waive the notice provision, Plaintiff would have unilaterally noticed the depositions at an earlier date. (Doc. 204-1 at 3, Doc. 225 at 4.) Defendants responded that Plaintiff had no reason to assume that the notice provision was waived and asserted that Plaintiff had been dilatory in scheduling depositions, a position that Plaintiff disputes. (Doc. 225 at 4.) On March 4, 2011, after discovery had closed, Plaintiff contacted Defendants stating that he only wished to depose Defendant Reyes and Dr. Smith, and requesting a stipulation for an extension of time to do so. (Doc. 225 at 4.) Defendants

1 rejected Plaintiff's request. (Doc. 225 at 4.)

## DISCUSSION

A scheduling order may be modified "upon a showing of good cause." Fed. R. Civ. P. 16(b). In determining whether a party has shown "good cause," the Court primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. at 609. However, if the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted. Id.

Here, counsel for both parties appeared to have worked collaboratively to schedule depositions from February 2, 2011 until February 16, 2011, when Defendants expressed their unwillingness to waive the 14-day notice provision. (Doc. 204-1 at 1-3, Doc. 225 at 1-3.) As to Defendant Reyes, it appears that the parties had agreed that his deposition was to occur on one of four dates prior to the deadline. (Doc. 204-1 at 4.) And Plaintiff appears to have been justified in understanding that the parties were cooperating to schedule Dr. Smith's requested deposition as well. (Doc. 204-1 at 3, Doc. 225 at 3.) Therefore, the Court finds that Plaintiff's efforts in attempting to schedule depositions supports a finding of good cause to grant Plaintiff's request for a modification. See Johnson, 975 F.2d at 609. Given that trial is not scheduled to occur until January 31, 2012 and that the parties had initially stipulated (Doc. 196 at 1) to extending the expert discovery deadline one month beyond the February 28, 2011 deadline that the Court set (Doc. 198), it is difficult to see how Defendants would be prejudiced by Plaintiff receiving additional time to depose Defendant Reyes and Dr. Smith.

## CONCLUSION

**IT IS HEREBY ORDERED GRANTING** Plaintiff's Motion to Extend Expert Witness Discovery Cut-Off (Doc. 204).

**IT IS FURTHER ORDERED** that the original expert discovery deadline set in the Court's Pretrial Order (Doc. 198) is vacated.

**IT IS FURTHER ORDERED** that the last day for expert discovery is **Friday, July 22, 2011**.

DATED this 3rd day of June, 2011.

_____
Stephen M. McNamee
United States District Judge